IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL KNEPSHIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARC GLASSMAN INC., ) | |
| ) | **JURY DEMAND** |
| Defendant. ) | **ENDORSED HEREON** |

## COMPLAINT

Plaintiff Daniel Knepshield ("Plaintiff") alleges as follows for his Complaint against Defendant Marc Glassman Inc. ("Defendant"):

1. Plaintiff has been an employee for Defendant for more than seven years.

2. Defendant is an Ohio corporation that does business as Marc's. Marc's corporate headquarters is in Cleveland, Ohio.

3. Defendant's revenues exceed $500,000 per year.

4. Defendant is an enterprise engaging in interstate commerce.

5. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

6. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over the parties to this action.

8. Venue is proper in the Northern District of Ohio Eastern Division because Defendant conducted activity in this district and because part of the claim for relief arose in this district.

9. Plaintiff had been working for Defendant on an hourly basis.

10. Within the past three years, Plaintiff performed work for Defendant while off the clock, such as coming in on Sundays and working before and after his clock-in times. Plaintiff worked seven days a week from 5am through at least 8pm, except on Wednesdays when he would come in at 4am. Defendant's managers, assistant managers and customer service managers (as well as many other employees) knew that Plaintiff was working off of the clock and knew that Defendant benefited from his work. Such employees include but are not limited to former Store Manager Eddie McGuire, current Store Manager Tim (last name unknown), Assistant Managers Brad Hayden, Skyler Long, Taylor Pandria, McKenzie (last name unknown) and Logan (last name unknown), and Customer Service Managers Erica and Vicky (last names unknown). Indeed, Defendant did not add a night stock person because Plaintiff was performing the work that a night stock person would have performed, and no one was hired by Defendant to work in the produce department after 2pm. Moreover, Plaintiff would come in early to unlock the store because Store Manager Eddie McGuire lived about one hour away from the store.

11. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

12. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if he is successful on one or more of the claims set forth herein.

## COUNT I
## UNPAID OVERTIME WAGES

13. Plaintiff re-alleges each allegation set forth in paragraphs 1-12 above.

14. Plaintiff worked significantly more than forty hours per week for Defendant.

15. Defendant is required to comply with overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

16. Defendant was Plaintiff's employer.

17. Defendant did not pay Plaintiff any amount for his off of the clock work.

18. Despite paying Plaintiff for some overtime hours, Defendant has violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Plaintiff time-and-a-half overtime wages for **all** hours worked over a regular forty-hour workweek.

19. Defendant's conduct with regard to not paying time-and-a-half overtime wages to Plaintiff was willful.

20. Plaintiff has been damaged by Defendant's non-payment of time-and-a-half overtime wages.

21. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

22. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT II
## UNPAID MINIMUM WAGE

23. Plaintiff re-alleges each allegation set forth in paragraphs 1-22 above.

24. Defendant is required to comply with minimum wage requirements set forth in the Ohio Constitution, the Ohio Revised Code, and the Fair Labor Standards Act, 29 U.S.C. Sections 201, et seq.

25. Defendant has violated Section 34a, Article II of the Ohio Constitution, Ohio Revised Code Section 4111.14, and the Fair Labor Standards Act by not paying Plaintiff at least minimum wages for all hours worked.

26. Plaintiff has been damaged by Defendant's non-payment of minimum wages.

27. In addition to being entitled to unpaid back wages, Plaintiff is also entitled to an additional two times back wages as liquidated damages under the Ohio Revised Code or, in the alternative, liquidated damages under the Fair Labor Standards Act.

28. Defendant's conduct with regard to not paying minimum wages to Plaintiff was willful.

29. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT III
## OHIO PROMPT PAY STATUTE VIOLATION

30. Plaintiff re-alleges each allegation set forth in paragraphs 1-29 above.

31. Defendant is required make semimonthly payment of wages to Plaintiff pursuant to Ohio Revised Code Section 4113.15.

32. Plaintiff's unpaid time-and-a-half overtime wages have been unpaid for more than thirty days beyond his last regularly scheduled payday.

33. Plaintiff is entitled to liquidated damages in an amount equal to six percent of his unpaid wages, or $200.00 per paycheck, whichever is greater, pursuant to Ohio Revised Code Section 4113.15.

## COUNT IV
## CIVIL ACTION FOR DAMAGES FOR CRIMINAL ACT

34. Plaintiff re-alleges each allegation set forth in paragraphs 1-33 above.

35. Plaintiff brings this action pursuant to Ohio Revised Code Section 2307.60.

36. Pursuant to Ohio Revised Code Section 2307.60, anyone injured by a criminal act may recover full damages in a civil action, including but not limited to emotional distress damages.

37. Plaintiff has been injured by Defendant's criminal actions.

38. Defendant has committed a criminal act pursuant Ohio Revised Code Section 4111.99 in conjunction with Ohio Revised Code Section 4111.13(C) by paying Plaintiff at a rate less than the rate applicable under Ohio Revised Code Sections 4111.10 to 4111.17 by not paying him for all overtime hours owed and by not paying him at least minimum wage.

39. Defendant has committed a criminal act pursuant to Ohio Revised Code Section 4113.99 in conjunction Ohio Revised Code Section 4113.15 by failing to pay Plaintiff the wages he is owed within thirty days of the regularly scheduled payday.

40. Defendant has committed a criminal act pursuant to the 29 U.S. Code Section 216(a) in conjunction with 29 U.S. Code Section 215(a)(2) by willfully not paying Plaintiff all overtime pay that he is owed under 29 U.S. Code Section 207.

41. Defendant acted with actual malice, entitling Plaintiff to punitive damages.

42. Plaintiff is entitled to his statutory attorney's fees and costs pursuant to Ohio Revised Code Section 2307.60.

## COUNT V
## NEGLIGENT TRAINING, RETENTION & SUPERVISION

43. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 42 above.

44. Defendant had a duty to use due care in training, retaining, and supervising its employees, including but not limited to its managers, assistant managers, and customer service managers.

45. Defendant breached its duty to use due care in training, retaining, and supervising its employees.

46. There was an employment relationship between Defendant and its managers, assistant managers, and customer service managers.

47. Defendant's managers, assistant managers, and customer service managers who knew that Plaintiff was working off of the clock were not competent for the job that they held with Defendant.

48. Defendant knew or should have known that Defendant's managers, assistant managers, and customer service managers who knew that Plaintiff was working off of the clock were not competent for the jobs that they held with Defendant.

49. Defendant's negligence in training, retaining and supervising Defendant's managers, assistant managers, and customer service managers who knew that Plaintiff was working off of the clock were the proximate cause of Plaintiffs' injuries.

50. Plaintiff has been damaged by Defendant's failure to use due care.

WHEREFORE, Plaintiff demands judgment against Defendant for his unpaid overtime, liquidated damages for failure to pay overtime, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Stephan I. Voudris, Esq.
Stephan I. Voudris, Esq. (0055795)
Voudris Law LLC
Julian Meyer, Esq. (0104320)
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
440-543-0670
440-543-0721 (fax)

*Counsel for Plaintiff*